Requestor: Richard H. Fessenden, Esq., Frewsburg Fire District P.O. Box 0590 Jamestown, New York 14702-0590
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the positions of member of a town board and fire district commissioner are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Under section 170 of the Town Law, the town board may decide to extend the territory of a fire district. This determination is subject to approval by a majority of the fire district commissioners. Ibid. Also, the boards of fire commissioners of two or more adjoining fire districts may decide to alter the boundaries of the districts. Id., § 172-a(1). Such a proposed change must, however, be approved by the town board or boards of the town or towns in which the districts are located. Ibid. The town board is authorized to dissolve all or part of a fire protection district and add the territory served by that district to an adjoining fire district. Town Law § 172-d. The fire district commissioners must, however, consent in writing to such an addition. Ibid. Additionally, the town board is authorized to contract with a fire district for the provision of fire protection within a fire alarm district. Id., § 183. Further, a town board may contract with a fire district for the provision of fire protection and other services in a fire protection district. Id., § 184(1). Finally, upon the submission of a legally sufficient petition, a town board, after a public hearing, may dissolve and discontinue a fire district. Id., § 185.
In our view, these provisions of law requiring approval of the actions of one body by the other and authorizing contracts between the two bodies render these positions incompatible. Thus, we conclude that one person may not hold simultaneously the positions of member of a town board and fire district commissioner.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.